UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY IVES, et al.,
              Plaintiffs,

      v.                                   CIVIL ACTION NO. 17-30143-MGM

LINDA TYER, et al.,
              Defendants.

**ORDER ON MOTIONS TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION FOR DISMISSAL**

**ROBERTSON, M.J.**

For the reasons stated below, the Court will allow the motions to proceed *in forma pauperis* and recommend that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) as barred under the doctrine of res judicata.  Additionally, the Court warns plaintiff Tammy Ives that she risks sanctions should she bring future filings that are deemed to be vexatious.

I.     **Background**

*Pro se* plaintiffs Tammy Ives ("Ives") and William D. Bean ("Bean") filed the instant action on October 11, 2017.  Their complaint is brought against Linda Tyer, the mayor of Pittsfield, and Mark Blaisdell, a nuisance control officer for the City of Pittsfield.  Complaint ("Compl."), ECF No. 1.  Each plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs.  ECF Nos. 2, 3.

This is the third of four actions filed in 2017 by plaintiffs.  In a prior action in this court, the plaintiffs asserted the same claims against the same defendants.  See Ives, et al. v. Tyer, et al., C.A. No. 17-30101-MGM (dismissed Nov. 21, 2017), appeal filed, No. 17-2151.  The same underlying facts alleged in the prior complaint are also alleged in this case.  The prior action was still pending when plaintiffs filed this duplicative action.

**II.**     **Plaintiffs' Motions to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  See 28 U.S.C. § 1915(a)(1).  Upon review of plaintiffs' financial disclosures, the Court concludes that they have shown that they are each without sufficient funds to pay the filing fee for this action.  Accordingly, the motions to proceed *in forma pauperis* are ALLOWED.

**III.**    **Preliminary Screening of the Complaint**

The court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion of it that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary or other relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

For purposes of preliminary screening, the court liberally construes plaintiffs' complaint because they are self-represented.  See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)).  Even allowing for a liberal construction of the complaint, the court recommends, for the reasons set forth below, that it be dismissed pursuant to 28 U.S.C. § 1915 (e)(2) as duplicative of Ives, et al. v. Tyer, et al., C.A. No. 17-30101-MGM (dismissed Nov. 21, 2017), appeal filed, No. 17-2151.

**IV.**     **Discussion**

The court finds that the current action is precluded because plaintiffs' prior action was dismissed for failure to state a claim.  Under res judicata[1] analysis, "a final judgment on the

---

[1] The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  The purpose of claim preclusion is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." <u>Id.</u> While res judicata is an affirmative defense, a "'court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'"  <u>In re Colonial Mort. Bankers Corp.</u>, 324 F.3d 12, 16 (1st Cir. 2003) (quoting <u>Bezanson v. Bayside Enterps., Inc. (In re Medomak Canning)</u>, 922 F.2d 895, 904 (1st Cir. 1990)). Dismissing an action sua sponte on the basis of an affirmative defense, such as res judicata, is permissible if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense. <u>See</u> <u>In re Colonial Mort. Bankers Corp.</u>, 324 F.3d at 16.

Here, sua sponte dismissal is warranted based on the claim preclusive effect of <u>Ives, et al. v. Tyer, et al.</u>, C.A. No. 17-30101-MGM (dismissed Nov. 21, 2017), <u>appeal filed</u>, No. 17-2151.

## V.      The Court's Power to Enjoin Vexatious Litigants: Warning to Plaintiff Tammy Ives

Plaintiff should be aware that a district court has the power to enjoin litigants who abuse the court system by filing meritless, repetitive, and vexatious litigation.  <u>Elbery v. Louison</u>, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. 1999) (per curiam) (citing <u>Cok v. Family Court of Rhode Island</u>, 985 F.2d 32, 34 (1st Cir. 1993)).[2]  A court has the inherent power to manage its

---

[2]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." <u>Local 285 Serv. Employees Int'l Union, AFL-CIO v. Nontuck Res. Assoc., Inc.</u>, 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord <u>Alexander v. United States</u>, 121 F.3d 312, 315–16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist").  Vexatious conduct may be found even in the absence of subjective bad intent.  <u>Local 285 Serv. Employees Int'l</u>, 64 F.3d at 737.

own proceedings and to control the conduct of litigants who appear before it through orders or even the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999)(same).

Plaintiff Tammy Ives has engaged in filing numerous lawsuits that contain repetitive legal arguments and claims that qualify as vexatious.  The Court will not permit her to waste the judicial resources of this Court by further attempts to pursue duplicative litigation.

Ives has filed several lawsuits in state court for matters that appear related to this action in that they also stem from zoning and code enforcement actions, including a 2014 lawsuit against defendant Blaisdell.  See Ives, et al. v. Blaisdell, et al., 1476cv00291 (filed Nov 3, 2014 Berkshire Superior Court),  appeal filed, No 2015-P-0174 (Mass Appeals Court  June 10, 2015) (dismissed lack of prosecution); Ives, et al. v. Keefner, 1476cv00216 (Berkshire Superior Court Nov 6, 2014) (Judgment of dismissal), appeal filed, No 2014-P-1846 (Mass Appeals Court Dec. 1, 2014) (pending); Ives, et al. v. Ouelette, No. 1476cv00250 (filed Sept. 17, 2014 Berkshire Superior Court), appeal filed, No 2015-P-0096 (Mass Appeals Court  Jan. 20, 2015) (pending); Ives v. Pittsfield City Council, No. 1476cv00155 (Berkshire Superior Court Jul 28, 2014 (granting defendants' motion to dismiss); Ives v. Terrance, et al., No. 1476cv00014 (filed Jan. 22, 2015).

In addition to the instant action, Ives has recently filed the following five actions in this federal court:  Ives v. Agastoni, et al., No. 15-301025-MGM (D. Mass. Apr. 30, 2015) (claims against state court judges dismissed pursuant to 28 U.S.C. § 1915(e)(2)); Ives v. Agastoni, et al., No. 15-30153-MAP (D. Mass. Jan. 5, 2016) (claims against state court clerk and judge dismissed pursuant to 28 U.S.C. § 1915(e)(2) on res judicata and other grounds); Ives v. Decker, No. 17-

30108-MGM (claims against federal SSA employee dismissed pursuant to 28 U.S.C. § 1915(e)(2)), appeal filed, No. 17-2150; Ives v. Decker, No. 17-30142-MAP (pending).

In light of the above, plaintiff Tammy Ives is WARNED that if future filings are deemed to be vexatious, an injunction may issue restricting Ives' ability to file new cases the District of Massachusetts absent permission from a district judge.

## VI.   Conclusion

For these reasons,

1.     Plaintiffs' motions to proceed *in forma pauperis* are ALLOWED.

2.     The Court RECOMMENDS that the action be DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2) as barred under the doctrine of res judicata.[3]

**So Ordered.**

/s/  Katherine A. Robertson
KATHERINE A. ROBERTSON
Dated:  January  10,  2018                    United States Magistrate Judge

---

[3]Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980). See also Thomas v. Arn, 474 U.S. 140, 154-55 (1985).