UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| TAMMY IVES, et al., | * | |
|---|---|---|
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 17-30143-MGM |
| v. | * | |
| | * | |
| LINDA TYER, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION
(Dkt. No. 8)

February 5, 2018

MASTROIANNI, U.S.D.J.

Tammy Ives and William D. Bean ("Plaintiffs"), acting *pro se*, bring this action against Linda Tyer and Mark Blaisdell ("Defendants"), both municipal officers in the City of Pittsfield. (Dkt. No. 1). This is the third of four actions filed in recent months by Plaintiffs and the second suit alleging the same underlying facts as to these Defendants. The prior action on the same facts has been dismissed and is currently under appeal. *See* Case No. 17-cv-30101, *appeal filed*, 17-2151.

After granting Plaintiff's motion to proceed *in forma pauperis* in the instant suit, Magistrate Judge Katherine A. Robertson *sua sponte* recommended that the court dismiss the action as barred under *res judicata*.[1] (Dkt. No. 8, ("R&R").) Judge Robertson' January 10, 2018, R&R advised Plaintiff that any objections thereto were due 14 days later, on January 24, 2018, pursuant to Federal Rule of Civil Procedure 72(b). (*Id.* at 5, n. 3). Plaintiff has not filed objections.

Based upon the thorough analysis presented in the R&R, and noting there are no objections, the court, upon *de novo* review, hereby ADOPTS the R&R. (Dkt. No. 8). Plaintiffs' claims in this suit

---

[1] 28 U.S.C. § 1915(e)(2) directs courts to dismiss actions that are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.

are precluded in light of the identity of the claims and parties in case number 17-cv-30101 and the final judgement entered therein. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Bezanson v. Bayside Enterps., Inc.*, 922 F.2d 895, 904 (1st Cir.1990).., 324 F.3d 12, 16 (1st Cir. 2003) ("[A] court on notice that it has previously decided an issue may dismiss the action *sua sponte*, consistent with the *res judicata* policy of avoiding judicial waste.") Finally, the court echoes Judge Robertson's warning that further vexatious or duplicate law suits may result in injunctions on further suits. (*See* R&R at 3-5).

    The clerk of court is respectfully directed to enter an order of dismissal and close the case. It is So Ordered.

                                                  /s/ Mark G. Mastroianni
                                                MARK G. MASTROIANNI
                                                United States District Judge